NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATHAN SMITH, III,

        Petitioner-Appellant,

    v.

SHERRY PENNYWELL and
P.L. VASQUEZ,

        Respondents-Appellees.

No. 16-56195

D.C. No. 13-cv-102-JAH-KSC

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: THOMAS, [**] Chief Judge, NGUYEN, Circuit Judge, and SETTLE,
District Judge[***]

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     This case was submitted to a panel that included Judge Reinhardt.
Following Judge Reinhardt's passing, Chief Judge Thomas was drawn by lot to
replace him. 9th Cir. Gen. Order 3.2.h. Chief Judge Thomas has read the briefs,
reviewed the record, and listened to oral argument.

    [***]     The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

1

Petitioner-Appellant Nathan Smith, III ("Smith") appeals the denial of his petition for writ of habeas corpus seeking relief from a jury conviction in state court. Specifically, he argues that he received ineffective assistance of counsel and cumulative trial errors deprived him of a fair trial. We review *de novo* a district court's decision on a petition for writ of habeas corpus. *Hall v. Haws*, 861 F.3d 977, 988 (9th Cir. 2017). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

1.  Smith's first claim for relief is that his trial counsel was ineffective because he failed to offer impeachment evidence from Smith's co-defendant, Nina Ortiz ("Ortiz"). The California Court of Appeal ("CCA") denied this claim, concluding that counsel's decision fell within the wide range of reasonable professional assistance. Deficient performance requires a showing that counsel's performance "fell below an objective standard of reasonableness" at the time of the trial. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. On federal habeas review, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86,

---

[1] We deny Smith's motion to reargue.

101 (2011). Smith fails to show that the CCA's conclusion is objectively unreasonable because Ortiz's testimony was undermined by her pretrial guilty plea. During trial, Smith's counsel was forced to weigh the probative value of Ortiz denying any involvement in the crime against the prejudicial nature of her subsequent plea to committing the crime. It is not objectively unreasonable to conclude that counsel made a tactical decision not to offer Ortiz's testimony. Therefore, the district court's denial of this claim is affirmed.

2. Smith's second claim for relief is that his trial counsel was ineffective for failing to offer other impeachment evidence. Smith first argues that this claim should be reviewed *de novo* because the CCA seriously mischaracterized key evidence that supported Smith's claim. According to an investigating officer's report, victim Prado Pacheco ("Pacheco") exited his car and stated "Let's go" before the assaults began. The CCA found that Pacheco was referring to his family leaving the scene instead of indicating a willingness to fight.

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014). "[W]e must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude

3

that the finding is supported by the record." *Id*. at 1000. "This is a daunting standard—one that will be satisfied in relatively few cases." *Id*.

In this case, Smith has failed to establish that the CCA's fact-finding process was defective. Although Smith offers a rational interpretation of Pacheco's statement, Smith fails to show that the CCA's finding is not supported by the record. At most, Smith has shown that the CCA's finding is possibly wrong and has failed to meet the "daunting standard" that the finding is "actually unreasonable." *Id*. at 999–1000. Therefore, Smith is not entitled to *de novo* review.

Under the deferential standard of review, Smith has failed to show that the CCA's "application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101. Although Smith has identified numerous pieces of evidence that his counsel could have offered to impeach the state's witnesses, the CCA concluded that Smith's counsel made reasonable decisions to not offer the evidence and that any error resulting from counsel's failure to offer the evidence was not prejudicial. Upon review of each individual alleged error, Smith fails to establish a CCA conclusion that is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Therefore, the district court's denial of this claim is affirmed.

3. Smith's final claim for relief is that the cumulative errors of his counsel denied him a fair trial and that these errors, in addition to the trial court's erroneous admission of prejudicial evidence, also deprived him of a fair trial. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)). We have "granted habeas relief under the cumulative effects doctrine when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested issue in the case." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011) (quoting *Parle*, 505 F.3d at 933). Although Smith and the CCA have identified several actual and potential errors in Smith's trial, Smith has failed to establish a unique symmetry of errors that amplify a key contested issue. Therefore, the district court's denial of this claim is affirmed.

**AFFIRMED.**